I would like to reserve two minutes please. In determining the meaning and scope of a prior conviction, federal courts are bound by the state court's interpretation of its laws. And in People v. Hudson, the California Supreme Court held that where a police vehicle has certain distinctive markings and otherwise complies with 2800.1, a conviction will be sustained whether or not the individual knows that he's fleeing a crime. And an individual who's fleeing, who doesn't know his pursuer is law enforcement, is actually engaged in the opposite conduct of someone who's deliberately provoking a confrontation. Now, notably, in the Supreme Court's quartet of ACCA cases, the only two times that the Supreme Court has held that a prior offense can serve as a proxy for identifying an individual who would deliberately use a gun to harm an innocent person, the Supreme Court has looked to the fact that the offender in the past deliberately and necessarily invited, initiated, or provoked a confrontation. Now, unlike in Indiana, in California, a conviction does not mean that the offender deliberately provoked a confrontation with law enforcement. It doesn't mean that the offender deliberately defied a law enforcement order. And by definition, it doesn't show that the individual ---- Kagan. So are you saying that intent to evade does not mean something deliberate? The prescribed act dis reis is fleeing from a law enforcement officer. And as the Court in Sykes held and was very specific, it was deciding not all flight from law enforcement officers in a vehicle, but only ones that required knowing defiant ---- defiance of a law enforcement. So the individual had to know. And the Supreme Court was very careful to limit its holding to that individual because that individual has deliberately defied law enforcement and has shown a callous disregard to the collateral consequences of initiating a confrontation with law enforcement. And that's the individual that poses a heightened degree of risk beyond the average felon in possession, that they will deliberately use a gun to harm an innocent person such that the sentencing court must be stripped of its jurisdiction and the individual sentenced to a mandatory minimum of 15 years. So mens rea matters. Counsel, let me ask you this. In the Supreme Court case of Sykes, they were looking at the Indiana statute. Correct. And in the concurrence by Justice Thomas, he cites Mason. And I know one of the issues in this case is what do we make of the Indiana statute? Does it have similar language to the California, reasonably should have known or knew? In your briefs, you say Mason's really not on the table here because the Supreme Court didn't talk about the Mason case, if I recall, the way you tried to distinguish Mason in your briefs. If you could comment on the Mason case, which is cited in Justice Thomas's concurrence, which analyzes the Indiana statute and specifically mentions that, I forget the exact language, but it's a new or reasonably should have known language. I think in Mason, the Court specifically talked about that the individual deliberately defied a law enforcement officer and that they, in that statute, the individual knew and had received a signal that he was defying law enforcement, that he knew he was being pursued by a police officer. And Justice Thomas is very clear that the statute at issue here requires knowing defiance of a law enforcement. He emphasizes that, by definition, that's what we're talking about here. But our statute, the California statute, talks about willfully fleeing a pursuing peace officer, so why do we not have that kind of intent in this statute? Because we have to look at California's interpretation of its statute. The statute's not artfully drafted. And in California, People v. Hudson specifically said that you don't need to know. It's essentially strict liability. If this vehicle has certain distinctive markings, that's sufficient, whether or not the individual knew, which means that we don't have the deliberate defiance of a law enforcement officer. The statute in California. It's an objective. It's sort of an objective because the statute is written in terms of reasonably should have known, so. Yes, Your Honor. And in California, it's a misdemeanor, which there's a reason why it sweeps broader than in most States where it is a felony which requires that the individual actually know. And the Supreme Court in Sykes was very careful to emphasize that what they were talking about is an individual who knew that they were defying law enforcement and what that means about that individual and their propensity to potentially use a gun to harm an innocent person in the future. Counsel, many States have statutes similar to California's where they say, you know, you knew or reasonably should have known that a police officer was pursuing  I'm curious, since Sykes was decided by the Supreme Court, are you aware of any Federal appellate decisions holding that a similar type statute, fleeing the police, would not qualify as a violent felony? Your Honor, the only two statutes that I'm aware of that are like California's statute is South Carolina's statute and possibly the statute in Washington. Every other statute that I'm aware of requires that the individual knowingly receive a signal and be aware that they're defying law enforcement, and it's a felony in most States, unlike in California. So in South Carolina, which was before Sykes, but it has been distinguished by other courts because the statute in South Carolina, like California, doesn't require the individual to know. And that is unusual. And there are very few statutes that are like that. Well, let me get back to the Indiana statute because I'm looking at the Mason case and it says, to be convicted for resisting law enforcement, the evidence must show that the defendant knew or had reason to know that the person resisted was a police officer. How is that functionally different than the California statute? In California, it's the – well, first of all, Vulcan, let me answer your question directly. In California, I would say it's not simply reasonable in terms of a reckless – it is essentially strict liability. The people v. Hudson said, we don't look at what the individual knew. It doesn't matter because in the appellate court, they had tried to say, well, he had just committed a felony, he initially stopped, he should have known, so therefore that's enough. And in people v. Hudson, the California Supreme Court said, no, we don't look at what the individual actually knew. That's not our concern. What we look at is whether the police vehicle had certain markings on it, and if it does, that's enough. And that is essentially strict liability. But isn't that really the same as had reason to know? I don't believe so. When we're talking about ACCA and we're trying to identify an individual who would deliberately use a gun to harm an innocent person, which presents a heightened degree of risk beyond the average felony possession, so that we're stripping the sentencing court of its jurisdiction, I mean, of its discretion, mens rea matters. But we do have some mens rea. You'll concede that the statute says willful, right? So they're willfully fleeing whether, I mean, it seems like you're disputing whether they know for sure that it's a police officer, but they're doing something willful and they're driving dangerously, willfully fleeing something. Yes, Your Honor. If we take out the law enforcement, what we're left with is willfully driving in a wanton disregard for the safety and property of others. And that Actus Reis is prescribed in a different statute. That's California Vehicle Code 2300-103. That is reckless driving. That lacks the police officer. That's correct. But I believe the question was aren't they just doing something dangerous and isn't that enough? And my point is that that is reckless driving in California. Moreover, 2800.2 covers not just reckless driving in the willful and wanton section of the statute. It covers negligent driving, which this Court pointed out in Penicular v. Mukasey. The language says that you can drive in a willful, wanton, invasive manner simply by violating three vehicle code violations which require nothing more than a mens rea of negligence. And as the Court in Begay said, we must look to the fact of conviction, which means the prescribed Actus Reis. So in Begay, we looked, the Court looked and said, yes, drinking is intentional, driving is intentional. That's dangerous. But that's not the prescribed Actus Reis. It's driving under the influence. So that can be done with reckless or negligent behavior. Therefore, it doesn't qualify as an ACCA predicate. The same thing here. Intentionally driving in a dangerous manner, that's not the prescribed Actus Reis. That's actually reckless driving in California. The prescribed Actus Reis is flight from a peace officer, and that is what can be done through negligence or strict liability in California. So we cannot use it as a proxy for identifying an individual who presents a heightened degree of risk that they would deliberately use a gun to harm an innocent person in the future. I'd like to reserve my time. Roberts. Thank you. Please, the Court. My name is Kim Sanchez. I'm the Assistant U.S. Attorney who argued this in the District Court and prepared the brief in the matter. The government's position is that evading under California law is categorically a crime of violence. I think you need to look at the statute first and parse it before you can determine what the mens rea is. So the statute of under 2800.2 requires that the Court look to 2800.1, requires proof of 2800.1 in order to have a violation of 2800.2. And under 2800.1, the elements require that there's a specific intent to evade law enforcement and that there's a willful attempt, a willful flight or attempt to flee from police officers. That cannot be satisfied under any strict liability theory or a recklessness theory. The cases cited by the defense, Hudson, Estrella, Matthews, Chaconti, they all address the element of whether a car is distinctively marked or one of the other elements that the offense contains that show that it's a police officer pursuing the person or the defendant in the case. So in Hudson and in Estrella, the Court discussed how do we show, how does one prove that a car is distinctively marked. And the Court looked and said, we look at whether a reasonable person would know that this was a police car. The Court did not say that the mens rea of the offense is a reasonable person standard. But even if the Court found that and none of those cases say that there's a reasonable person standard to be applied in determining the mens rea, there's two parts to the statute. There's the part that talks about the mens rea, willful flight, and a specific intent to evade peace officers. And then there are four or five specific elements that address proving that it's a police officer in pursuit. And in California v. People v. Acevedo, the California court noted that there's suggestion that those elements were for the purpose of protecting the public from being stopped by a police impersonator, so ensuring that it is actually a police officer who's pursuing the defendant. Sotomayor, you're saying it's not necessary that the driver be aware that actually subjectively aware that they're police officers as long as there are objective signs that it is a police officer? No, and that's not what the Court said. What the Court said is in defining distinctive markings on the vehicle, in order to define that, the courts can look to whether a reasonable person would know that the car was a police car. So if there's an insignia on the car, is that one indicator? It's one indicator. Yeah. Okay. But does the person driving have to know that it was a police officer? Yes. The statute requires specific intent to evade law enforcement. It also requires willful flight or eluding a police or peace officer. So the statute was the same when Pannulia was decided. Why aren't we bound by Pannulia? Pannulia was decided pre-Sykes. It addressed a definition under the immigration statutes, which is different than the crime of violence definition. Is there any relevant difference here, though, in the immigration statute and this statute? I don't see why that difference matters in looking at what Pannulia decided here. They seem very much the same. And the other point in Pannulia is they only had the Pannulia court only addressed the willful and wanton requirement under 2800.2 and never looked to 2800.1. As to what the mens rea of the overall statute was. But so the But is that just a way of saying Pannulia was wrong? I mean, if Pannulia was just wrong because the Court forgot to look at 2800.1, we're still bound by it, right, unless it's irreconcilable with Sykes? Well, I think if it's clearly wrong, the Court isn't bound by it. And I also think it was decided on a different point of law. Even the case that Pannulia cited from the California courts did not address the mens rea of the statute. That case, again, addressed different elements of the statute to discuss what a reasonable person would know to prove those elements. And it had to do with one of the four distinctive markings, red lamp, different elements that addressed showing that it was a police officer in pursuit of the defendant. Let me ask Judge Friedland's question a different way. If Pannulia had not been decided, and Sykes had been decided, and then Pannulia was before this panel today, would we go in the same direction as the Court did a few years ago, or would we go in the direction of the California statute was a crime of violence under the immigration laws? If I understand your question correctly, the question is whether if Pannulia was decided post-Sykes, whether the result would be the same. And I think it would, because I think if a case is clearly incorrect that this can overrule the prior decision. And I think that case is clearly incorrect in not considering the statute. Kagan, because of Sykes, or clearly incorrect on its own terms? Or both. Well, let's do one at a time. I'd like for you to answer that. I think it's clearly incorrect under Sykes, and I think it's clearly incorrect on its own terms. I think even if the standard was one where a reasonable person would – a reasonable person standard, it still would apply under Sykes, because that's a way of proving knowledge. But just the question of if – I think you're saying Pannulia was clearly incorrect on its own terms. As a panel, aren't we bound by that anyway? You're saying we're not, but I don't know what your authority is for that. And I'm sorry. You know, I argued here previously on a specific point where there was an argument about whether a previous case law could be overturned. I can't remember the case light. But if the law is clearly wrong, if there's no ambiguity, the court can overturn a prior decision. And in this case – If there's an intervening Supreme Court case. I'm sorry? If there's an intervening Supreme Court case, we can. I think it depends on whether Sykes made Pannulia – whether Sykes is irreconcilable with Pannulia. If it's not, I think we have to say that Sykes is clearly irreconcilable with Pannulia, because otherwise I think we're bound by Pannulia. And I don't think that Sykes is irreconcilable. There's two points for that, is one, even under the reasonable person standard, if the standard was that a reasonable person would know that an officer was pursuing them, that would be a manner of proving that the defendant had knowledge that an officer was proving – was following him, that it was, in fact, a police officer. But on the second, I just think that it's wrong under Sykes, because Sykes looks at the same or similar statute, as this Court acknowledged in Revels in 2013 in an unpublished decision, that it's materially similar to the California statute. And in Mason, the case that the concurrence referred to, that case has the same reasonable person standard in the Indiana statute and interpreting the Indiana statute that Pannulia would set forth for the California evading statute. Are you aware, counsel, of any post-Sykes cases involving fleeing from the police that were held not to be a violent felony? No, I'm not. The language in Sykes was knowing or intentionally, and our language here is willfully. Do you know of any California case that says that those terms always mean the same things? Well, in this case, there's two mens rea elements, and in the California jury instructions, that's elucidated that it's willful flight or an attempt to flee with the specific intent to evade a peace officer. So it has, at a minimum, an intentional element for the mens rea. I'm just wondering whether under California law there's some case we could cite for the principle that that language, the willful language in our statute, necessarily means the same thing as knowing or intentionally, which is the language in Sykes.  Anything further, counsel? Unless there are any questions on the Apprendi issue or the Bagness issue, I don't have anything further. Thank you very much, counsel. Thank you. If we could give one minute for rebuttal. I think it was 22 seconds before. We can round up or not quite round up, but we'll go to one minute. I would like to clarify that under California law, the willful only applies to the actually evading, the driving and the willful wanton driving. It does not apply to knowing that the individual is being pursued by a peace officer. We can look at California v. Hudson. Also, that was exactly the issue in, I'm sorry, People v. Hudson and in People v. Snipes. In People v. Snipes, which was upheld on habeas review in the district court, the prosecutor had argued that the individual, he didn't have to prove that the individual knew he was being pursued by law enforcement. That individual argued that he'd got woken up and he just got scared and drove off and didn't know that he was being pursued by law enforcement. And California courts have said very clearly that is sufficient. You don't need to know. And also with respect to the issue of the driving, Sykes specifically said we're not concerned about how the individual drove. When the statute, the prescribed actus reus, is fleeing from law enforcement, what we're concerned about is the knowing and deliberate choice to flee law enforcement and defy a law enforcement order. We are not concerned with how the individual drove. That was the argument that Justice Kagan was making. And the Court said, no, you can drive perfectly safe. That doesn't matter. What matters is you set in motion by defying law enforcement and showing a callous disregard for the collateral consequences of the confrontation that you invited and provoked. That is the issue. That makes it so the individual has a potential and it can serve as a proxy for identifying someone who would deliberately use a gun to harm an individual in the future. And I would note that in Sykes, well, I think I already said this, I mean, the focus has been on deliberately initiating a confrontation. And that's why we stripped the court of its sentencing discretion, and that's why we sentenced the individual to a mandatory of 15 years in custody. Thank you very much, counsel, for your argument. The matter is submitted.
judges: SCHROEDER, OWENS, FRIEDLAND